BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: VIDEO GAME ADDICTION PRODUCT LIABILITY LITIGATION | MDL DOCKET NO. 3109 |

**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION
FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Defendant Apple Inc. ("Apple") opposes Plaintiffs' request to transfer *Angelilli, et al. v. Activision Blizzard, Inc., et al.*, Case No. 1:23-cv-16566-MSS (N.D. Ill.) (Hon. M. Shah)—along with five other existing actions—for coordinated proceedings ("Transfer Motion"). ECF No. 1-1. Apple supports the arguments set out in Defendants' collective Opposition to the Transfer Motion as to why MDL transfer and coordination are not appropriate here. Apple writes separately as, among other things, it is a defendant in *only one* of the current lawsuits, for which Plaintiffs' motion for a stay has already been denied. MDL coordination is unnecessary and would be particularly harmful to Apple, especially given that Apple expects to have a well-founded 12(b)(6) motion to dismiss that will be fully briefed in short order.

## INTRODUCTION

Apple is not opposed to MDL petitions where coordinated proceedings substantively make sense. *See, e.g., In re: Apple Inc. Game Apps Loss Recovery Act Litigation*, MDL Docket No. 2985, ECF No. 1-1 (Dec. 31, 2020) (Apple filed amotion to transfer various actions brought

1

against it for centralized pretrial proceedings in the Northern District of California where Apple was the sole defendant in six virtually identical putative statewide class actions pending in six different federal districts across the country). Apple is opposed to MDL coordination in *this* instance, because it would be unnecessary, prejudicial as to Apple, and require needless waste of time and resources.

As of this filing, there are a total of six actions underlying this MDL petition, venued in just four different District Courts. Apple is a defendant to just *one* of these lawsuits, *Angelilli, et al. v. Activision Blizzard, Inc., et al.*, Case No. 1:23-cv-16566-MSS (N.D. Ill.) (Hon. M. Shah). By the time of the May 30, 2024 JPML hearing, Apple will already have filed a motion to dismiss under Rule 12(b)(6), which Plaintiffs will already have opposed, in accordance with a briefing schedule negotiated, agreed on, and entered by the Court.[1]

Apple's threshold motion should dispose of the case entirely. That motion will, among other things, establish that the case against Apple should be dismissed with prejudice based on the protections of Section 230 of the Communications Decency Act, the First Amendment, and Plaintiffs' failure to state any state law claim against Apple under Illinois law.

For example, Plaintiffs' alleged injuries arise from the allegedly "addictive" content of video games. But, Apple is not the developer of any of the games at issue—it is solely a platform for third-party content and, as Plaintiffs admit, Apple played no role in developing or creating the content of the video games. Under Section 230, that alone is fatal to this lawsuit. To group the claims against Apple with five (or even more) other actions would only serve to hinder Apple's ability to promptly dispose of the meritless claims against it, which runs contrary to one of the core principles of Section 230. *See, e.g., Nemet Chevrolet, Ltd. v.*

---

[1] Plaintiffs' recently filed motion to stay the *Angelilli* case pending the Panel's ruling was denied by Judge Shah.

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[Courts] aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from ultimate liability, but also from having to fight costly and protracted legal battles.").

No efficiency is gained by consolidating a case that is poised for dismissal with multiple other cases involving different plaintiffs, different defendants, and different games than are alleged to be the underlying cause of the *Angelilli* Plaintiffs' injuries. In short, centralization of the underlying actions is unnecessary and would impede Apple from expeditiously and efficiently resolving legally infirm claims against it.

## LEGAL STANDARD

Centralization of pretrial multi-district proceedings in a single district through an MDL is permissible when actions pending in different federal courts involve one or more common questions of fact and "transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Plaintiffs, as the movants, bear the burden of persuading the Panel that it needs to consolidate this case with the other five underlying cases identified in Plaintiffs' Transfer Motion. *In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1379 (J.P.M.L. 2011). The existence of some common questions, alone, is not enough to justify centralization, because of the "inherent inconveniences in transfers for coordinated or consolidated pretrial." *In re Concrete Pipe*, 302 F. Supp. 244, 254 (J.P.M.L. 1969) (Weigel, J., concurring). "The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconveniences of transfer and remand." *Id*. The requirements are not satisfied here. Thus, Plaintiffs' Transfer Motion should be denied.

## APPLE'S ADDITIONAL ARGUMENTS AGAINST CENTRALIZATION

Out of respect for the Panel's time and resources, Apple will not repeat all of the points and authorities set forth in Defendants' collective Opposition. Beyond that, however, centralization would unfairly prejudice Apple.

**Apple is only a party to one lawsuit.** There are six underlying lawsuits: *Dunn*[2], *Johnson*[3], *Jiminez*[4], *Angelilli*[5], *Glasscock*[6] and *Donerson*[7]. Each case names different defendants:

| Parties Involved in Each Action | | | | | | |
|---|---|---|---|---|---|---|
| | *Dunn* | *Johnson* | *Jiminez* | *Angelilli* | *Glasscock* | *Donerson* |
| 2K Games, Inc | | | | | | X |
| Activision Blizzard, Inc. | X | X | | X | X | X |
| Apple Inc. | | | | X | | |
| Blizzard Entertainment, Inc. | | | | | X | |
| BlueStacks by now.gg, Inc. d/b/a BlueStacks | | | | | X | |
| Electronic Arts, Inc. | X | | | | | |
| Epic Games, Inc. | X | X | X | X | | X |
| Google, LLC | X | | X | X | | |
| Infinity Ward, Inc. | X | X | | X | X | X |
| Microsoft Corporation | X | X | X | X | X | X |
| MSI Computer Corporation | | | | | X | |
| Mojang Studio | | X | X | | | |
| Nintendo of America, Inc. | X | | X | X | | |
| Raven Software Corporation | | | | X | | X |

---

[2] *Dunn, et al. v. Activision Blizzard, Inc., et al.*, Case No. 3:23-cv-00224-JM (E.D. Ark.)
[3] *Johnson, et al. v. Activision Blizzard, Inc., et al.,* Case No. 3:24-cv-00026-JM (E.D. Ark.)
[4] *Jiminez, et al. v. Microsoft Corporation, et al.*, Case No. 3:23-cv-03678-SPM (S.D. Ill.)
[5] *Angelilli, et al. v. Activision Blizzard, Inc., et al.*, Case No. 1:23-cv-16566-MSS (N.D. Ill.)
[6] *Glasscock v. Activision Blizzard, Inc., et al.*, Case No. 2:24-cv-04036-BCW (W.D. Mo.)
[7] *Donerson v. Epic Games, et al.*, Case No. 3:24-cv-00041-JM (E.D. Ark.)

|  | *Dunn* | *Johnson* | *Jiminez* | *Angelilli* | *Glasscock* | *Donerson* |
|---|---|---|---|---|---|---|
| Roblox Corporation |  | X | X | X |  | X |
| Rockstar Games, Inc. |  | X |  | X |  | X |
| Rockstar Games UK LTD f/k/a Rockstar North LTD and DMA Design LTD |  | X |  | X |  | X |
| Sledgehammer Games, Inc. | X | X |  | X | X | X |
| Sony Interactive Entertainment, LLC |  |  |  | X |  | X |
| Take-Two Interactive Software, Inc. |  | X |  | X |  | X |
| Treyarch Corp. | X | X |  | X |  | X |
| Ubisoft Divertissements, Inc. d/b/a Ubisoft Montreal | X |  |  |  |  |  |
| Ubisoft Entertainment | X |  |  |  |  |  |
| Visual Concepts Entertainment Studios |  |  |  |  |  | X |

Apple is a party only in *Angelilli*, and many other defendants are in only one or two cases. Centralization has been denied in similar situations. *See, e.g., In re Ambulatory Pain Pump-Chondrolysis Prod. Liab. Litig.*, 709 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010) (denying Section 1407 motion, in part because most, if not all, defendants were named "in only a minority of actions," and several were sued in "but a handful"); *In re Proton-Pump Inhibitor Prod. Liab. Litig.*, 273 F. Supp. 3d 1360, 1362 (J.P.M.L. 2017) (denying centralization of 15 actions where centralization was unlikely to serve the convenience of most defendants and their witnesses as defendants AstraZeneca was sued in 14 actions and 23 tag-alongs, P&G was sued in only eight action, Takeda in four, and Pfizer in two).

**Centralization would hinder and delay Apple's right to assert its dispositive legal defenses**.  Under the stipulated schedule entered by Judge Shah in this case, Defendants' motions to dismiss will be filed on April 19, 2024, and Plaintiffs' omnibus opposition to motion(s) to dismiss will be filed on May 24, 2024.  This means that Apple's dispositive legal defenses will be largely briefed and before Judge Shah for determination before the JPML hears Plaintiffs' Transfer Motion.  There is no efficiency in transferring this case now, which is why transfer motions have been denied in other cases when the parties are actively litigating the underlying actions.  *See, e.g., In re: Teamster Car Hauler Prod. Liab. Litig*., 856 F. Supp. 2d 1343 (J.P.M.L. 2012) (denying centralization where some of the underlying actions had been pending in state or federal court for several years, and several were almost nearly completed with discovery); *In re Telecomm. Providers' Fiber Optic Cable Installation Litig*., 199 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) (denying Section 1407 motion where, *inter alia*, some underlying actions had been pending for several years and motions "have been fully briefed and decided or are pending in various courts."); *In re: Table Saw Prod. Liab. Litig*., 641 F. Supp. 2d 1384 (J.P.M.L. 2009) (denying centralization in an matter a "significant number of the actions are substantially advanced, and, indeed, the fact discovery period will soon close in many of them.").  Allowing the ongoing litigation to continue in front of the current court is particularly sensible when one of the purposes of Section 230 is to avoid the expense and delay of ongoing litigation, in the first place.  Granting Plaintiffs' Transfer Motion would unfairly deprive Apple of its opportunity to effectively evoke this federal statute mandating early dismissal.

**Apple is not a proper defendant and is not similarly situated to other defendants.** Apple is not a proper defendant in this case—the only one in which it is named.  The mere fact that Apple owns and operates the App Store, an online platform which allows customers to

6

download third-party applications, including but not limited to videogames, puts Apple squarely within the protection of Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). *See Doe v. GTE Corp.*, 347 F.3d 655, 661 (7th Cir. 2003). Moreover, as to Apple, specifically, the Complaint contains only general allegations that are not unique to video game apps, as compared to any other type of app available in the App Store. *See, e.g.*, Complaint ¶ 477 (App Store "provides a platform for users to download" applications). The only thing the Complaint says about D.G.'s alleged game play, with respect to Apple, is that "D.G. plays across multiple platforms, including on Xbox Series X, PS4, iPhone, and Android devices." Complaint ¶ 267. Entangling this case with others in an MDL with would hinder Apple's opportunity to obtain the early exit Section 230 is supposed to afford. Centralization should thus be denied here. *See, e.g., In re: Shoulder Pain Pump-Chondrolysis Products Liability Litig.*, 571 F. Supp. 2d 1367 (2008) (declining to consolidate cases where not all defendants were pharmaceutical companies).

In the unlikely event this case is not dismissed at the pleading stage, centralization still would not advance efficiency, or serve any other useful purpose. Information identifying Plaintiff D.G.'s account provided by Plaintiffs' counsel reveals that one Plaintiff made **no** in-app purchases and the other Plaintiff made only **one** purchase, years ago. Centralizing discovery and subsequent proceedings with at least four other cases with different Plaintiffs' would turn the proverbial molehill into a mountain. The other cases that have been filed to date involve **nine** Defendants that are not parties to this case. *See* Parties to Underlying Actions Chart. The centralization of *Angelilli* with those other five actions would certainly not "promote the just and efficient conduct of such actions." *Cf.* 28 U.S.C. § 1407(a).

**Centralization is not necessary.** The primary reason for Plaintiffs' request to transfer and coordinate or centralize appears to be for the convenience of Plaintiffs' counsel. That is not

sufficient grounds. More so, though, here it would not accomplish anything that cannot be done independently. In this case, Apple voluntarily agreed to delay the deadline for filing and response of its dispositive preliminary motion to accommodate Plaintiffs' counsel's request for staggered deadlines. Indeed, had Apple not done so, its motion to dismiss might already have been fully briefed. There is no basis for concluding that counsel cannot continue to organize any future proceedings in the same way. Defendants here should not be penalized by being joined in a massive MDL because they worked with Plaintiffs' counsel to develop a reasonable schedule.

## CONCLUSION

The Panel should deny Plaintiffs' Transfer Motion.

DATED: April 8, 2024         Respectfully submitted,

/s/ *Andrew S. Azarmi*

**DENTONS US LLP**
Andrew S. Azarmi
California Bar No. 241407
1999 Harrison St., Suite 1210
Oakland, California 94612
Phone: (415) 882-5000
Fax: (415) 882-0300
Email: andrew.azarmi@dentons.com

*Attorneys for* APPLE INC.